# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

REGENT PRIVATE CAPITAL CORP., an )
Oklahoma corporation; LAWRENCE D. FIELD; )
CINDY FIELD; WORLD TRAVEL SERVICE, )
INC., an Oklahoma corporation; and, )
FRANK MCKENZIE TRUST, an Oklahoma )
Revocable Trust, )
)
                Plaintiffs, )
)
v.                              )   Case No. 99CV1108BU(E)
)
SWANDER PACE CAPITAL FUND, L.P., a )
Delaware limited partnership; SPC GP GROWTH )
FUND, L.L.C., a Delaware limited liability )
company; SPC EXECUTIVE ADVISORS )
FUND, L.L.C., a Delaware limited liability )
company; SPC ASSOCIATES FUND, L.L.C., )
a Delaware limited liability company; and, )
SILVER BRANDS PARTNERS, L.P., a Texas )
Limited Partnership, )
)
                Defendants. )

**FILED**
DEC 22 1999
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, Regent Private Capital Corp., an Oklahoma corporation; Lawrence D. Field; Cindy Field; World Travel Service, Inc., an Oklahoma corporation; and, Frank McKenzie Trust, an Oklahoma revocable trust (collectively, "Plaintiffs"), for their Complaint against Defendants, Swander Pace Capital Fund, L.P., a Delaware limited partnership; SPC GP Growth Fund, L.L.C., a Delaware limited liability company; SPC Executive Advisors Fund, L.L.C., a Delaware limited liability company; SPC Associates Fund, L.L.C., a Delaware limited liability company; and, Silver Brands Partners, L.P., a Texas limited partnership, allege and state:

## PARTIES, JURISDICTION AND VENUE

1.     This is an action brought under the Court's diversity of citizenship jurisdiction for avoidance of fraudulent transfers or, in the alternative, for damages arising from fraudulent transfers.

### Plaintiffs

2.     Plaintiff, Regent Private Capital Corp. ("Regent"), is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Regent is a citizen of the State of Oklahoma. Regent is a creditor of Silverado Foods, Inc., an Oklahoma corporation ("Silverado"), and was a creditor of Silverado at all times material to this Complaint.

3.     Plaintiff, Lawrence D. Field ("L. Field"), is an individual and is a citizen of the State of Oklahoma and a resident of Tulsa, Oklahoma. L. Field is a creditor of Silverado and was a creditor of Silverado at all times material to this Complaint.

4.     Plaintiff, Cindy Field ("C. Field"), is an individual and is a citizen of the State of Oklahoma and a resident of Tulsa, Oklahoma. C. Field is a creditor of Silverado and was a creditor of Silverado at all times material to this Complaint.

5.     Plaintiff, World Travel Service, Inc. ("World"), is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. World is a citizen of the State of Oklahoma. World is a creditor of Silverado and was a creditor of Silverado at all times material to this Complaint.

6.     Plaintiff, Frank McKenzie Trust ("Trust"), is a revocable trust formed under the laws of the State of Oklahoma. Trust is a citizen of the State of Oklahoma. Trust is a creditor of Silverado and was a creditor of Silverado at all times material to this Complaint.

## **Defendants**

7. Defendant, Swander Pace Capital Fund, L.P. ("SPCF"), is a Delaware limited partnership. SPCF is a citizen of the State of Delaware. SPCF may be served with process by serving SPCF's registered agent for service of process, CorpAmerica, 30 Old Rudnick Lane, Dover, Delaware 19901.

8. Defendant, SPC GP Growth Fund, L.L.C. ("GP Fund"), is a Delaware limited liability company. GP Fund is a citizen of the State of Delaware. GP Fund may be served with process by serving GP Fund's registered agent for service of process, CorpAmerica, 30 Old Rudnick Lane, Dover, Delaware 19901.

9. Defendant, SPC Executive Advisors Fund, L.L.C. ("Advisors"), is a Delaware limited liability company. Advisors is a citizen of the State of Delaware. Advisors may be served with process by serving Advisor's registered agent for service of process, CorpAmerica, 30 Old Rudnick Lane, Dover, Delaware 19901.

10. Defendant, SPC Associates Fund, L.L.C. ("Associates"), is a Delaware limited liability company. Associates is a citizen of the State of Delaware. Associates may be served with process by serving Associates' registered agent for service of process, CorpAmerica, 30 Old Rudnick Lane, Dover, Delaware 19901.

11. Defendant, Silver Brands Partners, L.P. ("Silver"), is a Texas limited partnership. Silver is a citizen of the State of Texas. Silver may be served with process by serving Silver's registered agent for service of process, in Texas, Eric Foultz, 5121 Broadway, San Antonio, Texas 78209.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §1332(a) and the Court's diversity of citizenship jurisdiction. All Plaintiffs are citizens of the State of Oklahoma. All Defendants are citizens of the States of Delaware and Texas. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of costs.

13. This Court has personal jurisdiction over Defendants. As more fully set forth herein, each of Defendants has established sufficient minimum contacts with the State of Oklahoma to permit the exercise of personal jurisdiction by this Court over each of Defendants by entering into Oklahoma to engage in the transactions at issue in this case and more fully described herein. Defendants may be served with process under the provisions of the Oklahoma long-arm statute.

14. Venue is proper in this Court under 28 U.S.C. §1391(a)(2). A substantial portion of the acts and omissions giving rise to this action occurred in this judicial district. In addition, a substantial part of the property that is part of the subject matter of this action is situated in this judicial district.

## STATEMENT OF FACTS

15. On or about August 14, 1998, Defendants SPCF, GP Fund and Advisors entered into an Agreement of Stock Purchase and Sale (the "Stock Purchase Agreement") with Silverado and Mom's Best Services, Inc., a Florida corporation. The name of Mom's Best Services, Inc. was later changed to Nonni's Food Company ("Nonni's"). The principal place of business of Nonni's was, and continues to be, Tulsa, Oklahoma. Nonni's was a wholly owned subsidiary of Silverado. Nonni's represented substantially all of the operating assets of Silverado.

16.     Under the terms of the Stock Purchase Agreement, Defendants agreed to purchase, and Silverado agreed to sell, ninety percent (90%) of the issued and outstanding common stock of Nonni's. The consideration for the sale of the Nonni's common stock included a cash payment at closing and payment of additional earn-out payments during a period of several months following the closing.

17.     The Stock Purchase Agreement was amended by written agreements dated October 28, 1998 and December 23, 1998. These amendments included the addition of Associates and Silver as purchasers of Nonni's common stock from Silverado. Under the terms of these amendments to the Stock Purchase Agreement, each Defendant named herein became a purchaser of common stock of Nonni's from Silverado. The number of shares of Nonni's common stock purchased by each Defendant is set forth on Exhibit "A" attached hereto.

18.     The total purchase price agreed upon by Silverado and Defendants for the ninety percent (90%) of Nonni's common stock sold by Silverado to Defendants was $28,000,000. The purchase price included three elements: (1) approximately $15,950,000 paid to Silverado in cash at closing; (2) ten percent (10%) of the Nonni's common stock to be retained by Silverado valued at $1,050,000; and, (3) approximately $11,000,000 in earn-out payments to be paid over a period of several months following the closing. The first of the earn-out payments of approximately $3,000,000 (the "Year-End Payment") was scheduled to be paid shortly after the beginning of calendar year 1999 based on the year-end financial performance of Nonni's.

19.     Silverado is a publicly traded company. As part of the performance of the obligations owed to its shareholders in connection with the sale of the Nonni's common stock, Silverado obtained a fairness opinion relating to the proposed transaction with Defendants from Penn Hudson, an investment banking concern. Penn Hudson opined on October 28, 1998 that

the proposed sale of ninety percent (90%) of the common stock of Nonni's to Defendants by Silverado for total consideration of approximately $28,000,000 was fair from a financial point of view to Silverado and its shareholders.

20. The closing of the sale of the common stock of Nonni's by Silverado to Defendants occurred on December 23, 1998. At the closing, Silverado was paid the sum of $15,950,000 in cash by Defendants in exchange for the delivery by Silverado to Defendants of ninety percent (90%) of the issued and outstanding common stock of Nonni's. Silverado retained ten percent (10%) of the common stock of Nonni's.

21. In connection with the purchase of the common stock of Nonni's by Defendants, each of Defendants has entered into the State of Oklahoma for the purpose of conducting business transactions in the State of Oklahoma. Following the closing, each of Defendants owns and has continued to own an interest in Nonni's, which continues to maintain its offices and principal place of business in Tulsa, Oklahoma. Each of Defendants has entered into contracts in Oklahoma and has engaged in numerous contacts and communications with Oklahoma and with citizens of Oklahoma, including Silverado, in connection with the Nonni's stock purchase transaction and in connection with the ownership and operation of Nonni's. Each of Defendants has sufficient minimum contacts with the State of Oklahoma to permit the exercise of personal jurisdiction over each Defendant by this Court.

22. Before the closing and at closing, Defendants represented to Silverado that the $3,000,000 Year-End Payment would be made to Silverado and that the financial performance of Nonni's was such that the additional earn-out payments would be made to Silverado.

23. After the closing, however, Defendants have failed and refused to make either the Year-End Payment due to Silverado or any of the earn-out payments provided under the terms of

the Stock Purchase Agreement, as amended. SPCF has indicated to Silverado that no earn-out payments will be made to Silverado. Therefore, the total consideration paid to Silverado by Defendants to purchase ninety percent (90%) of the common stock of Nonni's has been the sum of $15,950,000.

24. At the time of the closing of the sale of the Nonni's common stock by Silverado to Defendants, Silverado had numerous creditors who were, or may have been, damaged or adversely affected by the actions of Defendants described in this Complaint.

25. Each Plaintiff is a creditor of Silverado and has been a creditor of Silverado at all times relevant to this Complaint. The exact amount of the debt owed by Silverado to each of Plaintiffs will be proven at trial. The approximate principal amounts of the debts owed by Silverado to each of Plaintiffs is as follows:

| | |
|---|---|
| L. Field | $6,000,000 |
| C. Field | 150,000 |
| Regent | 600,000 |
| World | 50,000 |
| Trust | 100,000 |

In addition, interest has accrued and continues to accrue on the principal sums due to each of Plaintiffs from Silverado.

26. At all times relevant to this Complaint, including at the time of the closing of the transaction with Defendants on December 23, 1998, Silverado was insolvent.

## CAUSE OF ACTION

### First Claim for Relief – Avoidance of Fraudulent Transfer

27. Plaintiffs restate and reallege all of the material allegations set forth in paragraphs 1 through 26 above.

28. Plaintiffs' First Claim for Relief is for avoidance of fraudulent transfers by Silverado to Defendants.

29. The Oklahoma Uniform Fraudulent Transfer Act provides that a transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer if the debtor made the transfer without receiving reasonably equivalent value in exchange for the transfer and if the debtor was insolvent at the time of the transfer. 24 O.S. 1991, §117A.

30. The sale of the Nonni's common stock by Silverado to Defendants was a transfer as defined in the Oklahoma Uniform Fraudulent Transfer Act. Defendants are the first transferees of the common stock of Nonni's, the asset transferred.

31. Silverado was insolvent at the time of the transfer of the Nonni's common stock, which constituted substantially all of the operating assets of Silverado, to Defendants.

32. Each of Plaintiffs is a creditor of Silverado whose claim against Silverado arose before the transfer of the Nonni's common stock to Defendants.

33. Defendants have paid a total of approximately $15,950,000 to Silverado in exchange for the transfer of ninety percent (90%) of the Nonni's common stock by Silverado to Defendants. Defendants have failed and refused to pay any portion of the remaining $11,000,000 of the purchase price for the Nonni's common stock to Silverado.

34. The consideration paid to Silverado by Defendants for the common stock of Nonni's transferred to Defendants is less than reasonably equivalent value for the Nonni's common stock purchased by Defendants.

35. Plaintiffs, as creditors of Silverado, are entitled under Section 119A of the Oklahoma Uniform Fraudulent Transfers Act, 24 O.S. 1991, §119A, to avoid the sale of the Nonni's common stock by Silverado to Defendants.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment avoiding and rescinding the transfer of the Nonni's common stock by Silverado to Defendants as a fraudulent transfer; that Plaintiffs recover their costs, including reasonable attorneys' fees, incurred in connection with this action; and for all other and further relief to which Plaintiffs may be entitled.

### Second Claim for Relief - Damages for Fraudulent Transfers

36. Plaintiffs restate and reallege all of the material allegations set forth in paragraphs 1 through 35 above.

37. Plaintiffs' Second Claim for Relief is plead in the alternative, and is for damages for fraudulent transfers.

38. Pleading in the alternative, Plaintiffs are entitled, pursuant to Section 120B of the Oklahoma Uniform Fraudulent Transfers Act, 24 O.S. 1991, §120B, to recover a judgment for damages for the value of the assets transferred by Silverado to Defendants or, in the alternative, to recover an amount from Defendants, jointly and severally, sufficient to satisfy each of Plaintiffs' claims against Silverado.

39. Plaintiffs request that the Court enter a Judgment in favor of Plaintiffs and against Defendant, jointly and severally, for the value of the Nonni's common stock sold by Silverado to Defendants, which sum is believed by Plaintiffs to be at least $28,000,000.

40. In the alternative, Plaintiffs request that the Court enter a Judgment in favor of each of Plaintiffs and against Defendants, jointly and severally, for the amount required to satisfy each of Plaintiffs' claims against Silverado, which sums shall be proven at trial.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment for damages for fraudulent transfers in favor of Plaintiffs and against Defendants, jointly and severally, in an amount equal to the value of the assets transferred by Silverado to Defendants, at least

$28,000,000 or, in the alternative, in an amount sufficient to satisfy the claims of each of Plaintiffs against Silverado, with such sums to be proven at trial; that Plaintiffs recover their costs, including reasonable attorneys' fees, incurred in connection with this action; and for all other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

*[signature]*

Neal Tomlins  OBA No. 10499
Ronald E. Goins  OBA No. 3430
**TOMLINS & GOINS**
A Professional Corporation
Utica Plaza Building
2100 South Utica, Suite 300
Tulsa, Oklahoma  74114
(918) 747-6500
(918) 749-0874  (Facsimile)

Attorneys for Plaintiffs,

Regent Private Capital Corp.;
Lawrence D. Field; Cindy Field;
World Travel Service, Inc.; and,
Frank McKenzie Trust

## EXHIBIT "A"

to

## COMPLAINT

### REGENT PRIVATE CAPITAL CORP., ET AL., v. SWANDER PACE CAPITAL FUND, L.P., ET AL.

Purchasers of common stock of Nonni's Food Company, Inc. from Silverado Foods, Inc.:

| Name of Buyer | Number of Shares Purchased |
|---|---|
| Swander Pace Capital Fund, L.P. | 492,908 |
| SPC GP Fund, LLC | 8,198 |
| SPC Executive Advisors Fund, LLC | 8,165 |
| SPC Associates Fund, LLC | 938 |
| Silver Brands Partners, LP | 338,747 |